USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HOAI NGO, :
                              Plaintiff, :
                                                                                       :
                          -v - : 1:17-cv-1727-GHW
                                                                             :
OPPENHEIMER & CO., INC., : MEMORANDUM OPINION
                                      Defendant. : AND ORDER
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      In 2014, Plaintiff Hoai Ngo celebrated the birth of his first child. Mr. Ngo was then employed by Defendant Oppenheimer & Co., Inc. At first, Mr. Ngo planned to work remotely for two weeks after his daughter's birth. However, after his daughter was born, Mr. Ngo decided that he would remain away from the office for longer than he had originally anticipated. He did not clearly communicate his intentions to his supervisors, who were forced to take steps to ensure that his work responsibilities were covered in Mr. Ngo's absence. Sadly, during this period, Mr. Ngo also suffered a brain aneurysm that required him to spend a few months recuperating.

      By the time he returned to work full time, Mr. Ngo had been demoted. He also received a lower discretionary bonus than he had received in previous years. Eventually, Mr. Ngo was terminated. He subsequently filed this action, alleging that Oppenheimer interfered with his right to unpaid leave under the Family and Medical Leave Act ("FMLA") and retaliated against him for exercising his FMLA rights.

      Oppenheimer moved to compel arbitration based on an agreement between the parties to arbitrate disputes arising out of Mr. Ngo's employment. The Court granted that motion. At the conclusion of the arbitration proceeding, the arbitrator dismissed Mr. Ngo's claims and issued a final award in favor of Oppenheimer. Mr. Ngo now petitions to vacate the Award on the ground that the arbitrator exhibited a manifest disregard for the law. Because Mr. Ngo has not met his burden to

show that the arbitrator manifestly disregarded the law, the petition to vacate the Award is DENIED.

## I. BACKGROUND[1]

### A. Facts[2]

In 2014, Petitioner Hoai Ngo was Co-Head of the taxable high-yield research group at Oppenheimer & Co., Inc., a financial services company. Award at 3; *see also* Transcript of Arbitration Hearing ("Tr."), Ex. H to Licul Decl., Dkt. No. 42-8, at 87:8-88:10. Mr. Ngo worked in Oppenheimer's New York, New York office. Award at 4. He reported to Robert Lowenthal, head of the taxable fixed-income department. *Id.* at 3; *see also* Tr. at 138:7-8.

In May 2014, Mr. Ngo notified Mr. Lowenthal that he and his partner would soon be the parents of a newborn baby via a surrogate pregnancy. Award at 4; *see also* Tr. at 138:9-139:11. The surrogate planned to give birth in California, and Mr. Ngo informed Mr. Lowenthal of his intention to travel from New York to California to take custody of the child. Award at 4; *see also* Tr. at 138:9-139:11. Mr. Lowenthal directed Mr. Ngo to speak to Lenore Denys, the head of Oppenheimer's Human Resources Department, regarding his leave options. Award at 4; *see also* Tr. at 837:25-838:16. Ms. Denys informed Mr. Ngo that he might be eligible for 12 weeks of unpaid leave under the FMLA and directed him to the relevant pages of Oppenheimer's employee handbook. Award at 4; *see also* Ex. TT to Licul Decl., Dkt No. 42-46. The handbook required employees to submit FMLA requests to Oppenheimer's Human Resources Department in writing. Award at 4-5; *see also* Ex. N to Licul Decl., Dkt No. 42-14.

---

[1] The Court has issued a prior opinion in this case that provides further background. *See Ngo v. Oppenheimer & Co.* (*Ngo I*), No. 1:17-CV-1727-GHW, 2017 WL 5956772 (S.D.N.Y. Nov. 30, 2017).

[2] These facts are drawn from the Final Arbitration Award (the "Award"), Dkt No. 42-1, Ex. A to Valdi Licul Declaration ("Licul Decl."), Dkt No. 42. A district court "is not empowered to second-guess the arbitrators' fact-finding or assessment of credibility." *Acciardo v. Millennium Sec. Corp.*, 83 F. Supp. 2d 413, 417 (S.D.N.Y. 2000) (citing *Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 706, 725-26 (2d Cir. 1998)). Accordingly, the Court "must accept findings of fact if they are not clearly erroneous." *Id.* (citing *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props.*, 102 F.3d 677, 686 (2d Cir. 1996)).

Rather than formally request FMLA leave, Mr. Ngo arranged with Mr. Lowenthal and others to remain on payroll while working remotely from California. Award at 5-6; *see also* Tr. at 172:7-17. He planned to remain in California, available for work as needed, during the two weeks prior to the birth, which he expected to occur on July 4, and to take two weeks off from work following the birth. Award at 5-6; *see also* Tr. at 139:12-17.

The baby arrived prematurely on June 24. Award at 7; *see also* Tr. at 178:19-21. Shortly after his daughter's birth, Mr. Ngo learned that he would not be able to return to New York as scheduled because the baby's doctor advised Mr. Ngo that she should not fly until she had been vaccinated, which would not occur for six weeks. Award at 7; *see also* Tr. at 179:18-181:5. On July 13, Mr. Ngo notified his Co-Head and group supervisor, but not Mr. Lowenthal or anyone in the Human Resources Department, that he would likely not return to the office before August 25 but would remain available to work remotely as needed. Award at 7; *see also* Ex. VV to Licul Decl., Dkt No. 42-48.

The next day Mr. Lowenthal, upon learning of Mr. Ngo's decision to remain in California without consulting him, demoted Mr. Ngo from his position as Co-Head. Award at 8; *see also* Tr. at 850:10-24. Mr. Lowenthal spoke with Mr. Ngo by phone later that week to inform him that he had been demoted. Award at 8; *see also* Tr. at 763:18-23; 855:22-25. Mr. Lowenthal then sent a letter (via e-mail) to Mr. Ngo clarifying the basis of the demotion, namely Mr. Ngo's failure to communicate his planned 2-month absence to Human Resources. Award at 8-9; *see also* Ex. SS Licul Decl., Dkt No. 42-45. Attached to this letter were the FMLA explanatory materials and a form to request FMLA leave. Award at 9. Mr. Ngo did not reply to the email, did not submit a related request for FMLA leave, and thereafter remained on payroll without objection. *Id.* Mr. Ngo apparently overlooked this email. *Id.* at 9-10.

Mr. Ngo returned to New York on August 11, but he suffered a brain aneurysm on August 16. *Id.* at 10; *see also* Tr. at 221-222. The aneurysm prevented Mr. Ngo from returning to work until

3

November 3. Award at 10; *see also* Tr. at 1014:10-12. After the aneurysm Mr. Ngo's partner promptly contacted Oppenheimer to request FMLA leave, which the company granted on August 18. Award at 10; *see also* Tr. at 224:8-17; 226:10-17.

When Mr. Ngo ultimately returned to work, Mr. Lowenthal made clear to him that he was no longer Co-Head of his group and that he would instead work as a research analyst. Award at 10; *see also* Tr. at 231-233. His salary remained the same as before his hiatus, but his discretionary bonus decreased significantly. Award at 11; *see also* Tr. at 1024:16-23. Finally, in June 2016, Oppenheimer terminated Mr. Ngo's employment in what was described by Oppenheimer as an effort to cut costs. Award at 12; *see also* Tr. at 786:16-24.

**B. Procedural History**

On March 8, 2017, Mr. Ngo filed the original complaint in this case alleging, *inter alia*, interference with his FMLA rights and retaliation for invocation of his FMLA rights. Dkt. No. 1. On November 30, 2017, the Court granted Oppenheimer's motion to compel arbitration because Mr. Ngo and Oppenheimer executed an agreement requiring Mr. Ngo to arbitrate disputes arising out of his employment. *Ngo I*, 2017 WL 5956772, at *1. The Court stayed the case pending resolution of the arbitration proceeding. *Id.* at *5.

On May 20, 2019, following a four-day arbitral proceeding, JAMS Arbitrator Hon. Michael H. Dolinger dismissed Mr. Ngo's claims and issued a final award in favor of Oppenheimer. *See generally* Award. Mr. Ngo filed a petition (the "Petition") to vacate the Award on September 3, 2019. Dkt. No 43. Oppenheimer opposed the Petition on October 3, 2019, Dkt. No. 44, and Mr. Ngo replied on October 17, 2019. Dkt. No. 45. The Petition argues that the arbitrator manifestly disregarded the law in rendering the award with respect to the FMLA claims, and that the award must therefore be vacated.

4

## II.     LEGAL STANDARD

"[T]o avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, arbitral awards are subject to very limited review." *Zurich Am. Ins. Co. v. Team Tankers AS.*, 811 F.3d 584, 588 (2d Cir. 2016) (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993) (quotation marks omitted)). Section 10(a) of the Federal Arbitration Act ("FAA") "sets forth specific grounds for vacating" an arbitration award. *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011). Under section 10(a), an award may be vacated only under one of the following four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "Because the FAA supports a 'strong presumption in favor of enforcing arbitration awards . . . the policy of the FAA requires that the award be enforced unless one of those grounds is affirmatively shown to exist.'" *Jock*, 646 F.3d at 121 (quoting *Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 848 (2d Cir. 1994)).

In addition to the grounds for vacatur specified in § 10(a), there is an additional, "judicially-created ground, namely that an arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of law." *Id.* (quotation omitted). A party seeking to vacate an arbitration award under the manifest disregard standard must show "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Westerbeke Corp. v. Daihatsu Motor Co. Ltd.*, 304 F.3d 200, 208 (2d Cir. 2002) (citation omitted). "An arbitral award may be vacated for manifest disregard of the law only if a reviewing court . . . finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether,

and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Wallace v. Buttar*, 378 F. 3d 182, 189 (2d Cir. 2004) (quotation marks and brackets omitted). "A federal court may not conduct a reassessment of the evidentiary record." *Id.* at 193. Rather, "[a] district court must accept findings of fact if they are not clearly erroneous." *Acciardo*, 83 F. Supp. 2d at 417 (citing *ConnTech*, 102 F.3d at 686). Accordingly, an arbitral award "should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Wallace*, 378 F.3d at 190 (citation omitted).

## III. DISCUSSION

Mr. Ngo has not cleared the "high hurdle" necessary to justify vacatur of the Award. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). Mr. Ngo seeks vacatur of the Award on two grounds. First, Mr. Ngo argues that the arbitrator manifestly disregarded the law by deciding that Mr. Ngo's FMLA rights had not attached at the time of his demotion. Memorandum of Law in Support of Motion to Vacate Arbitration Award ("Pl. Mem."), Dkt. No. 43, at 19. Second, he argues that the arbitrator manifestly disregarded the legal standard required for a finding of employer retaliation. *Id.* at 24. Because Mr. Ngo cannot show that the arbitrator manifestly disregarded the law, the Petition is denied.

### A. Interference with FMLA Rights

Mr. Ngo has not shown that the arbitrator manifestly disregarded the law on his FMLA interference claim. "[T]o prevail on an interference claim, a plaintiff must establish: 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." *Coutard v. Mun. Credit Union*, 848 F.3d 102, 108-09 (2d Cir. 2017) (emphasis omitted).[3]

---

[3] *See generally* Family and Medical Leave Act of 1993, 29 U.S.C. § 2601.

6

Mr. Ngo's argument amounts to a challenge to the arbitrator's factual findings. Mr. Ngo argues that he was demoted "in anticipation of his taking FMLA-qualified leave." Pl. Mem. at 19. Although Mr. Ngo attempts to frame this as an argument that the arbitrator manifestly disregarded the law, it is in truth a challenge to the arbitrator's factual finding that Mr. Ngo had not requested FMLA leave on the date of his demotion. Indeed, the arbitrator found that on June 14, the date of Mr. Ngo's demotion, no one—including Mr. Ngo—anticipated that Mr. Ngo would take FMLA leave. Award at 21. The arbitrator based this finding on evidence of Mr. Ngo's paid employment throughout his time in California, his continued efforts to work remotely from California, his failure to comply with the requirements of Oppenheimer's FMLA leave request policy, and his failure to submit the FMLA paperwork sent to him by members of Oppenheimer's Human Resources Department. *Id.* at 23-24. In light of this evidence, the arbitrator found that Mr. Ngo had not requested FMLA leave and thus Defendants could not have interfered with his FMLA rights by demoting him. *Id.* at 24. Moreover, the arbitrator found—as a factual matter—that Mr. Lowenthal decided to demote Mr. Ngo based on Mr. Ngo's "irresponsible behavior" in unilaterally and surreptitiously extending his stay in California—not in anticipation of his taking FMLA-qualified leave. *Id.* at 28.

These factual findings are not "clearly erroneous." *Acciardo*, 83 F. Supp. 2d at 417 (citation omitted). And they do not demonstrate a manifest disregard for the law; the arbitrator applied the relevant law to the facts as he found them. Accordingly, Mr. Ngo's petition to vacate the Award on this basis is denied.

**B. Retaliation for Exercise of FMLA Rights**

The arbitrator did not manifestly disregard the law with respect to Mr. Ngo's FMLA retaliation claim. In arguing to the contrary, Mr. Ngo correctly cites *Woods v. Start Treatment & Recovery Ctrs.*, 864 F.3d 158, 168-69 (2d Cir. 2017), for the proposition that, to succeed on his retaliation claim, he need only show that his assertion of FMLA rights was a "motivating factor" in

7

an adverse action taken against him. However, Mr. Ngo incorrectly argues that the arbitrator ignored this standard and substituted a "requirement that Ngo show that Oppenheimer acted with punitive intent." Pl. Mem. at 24.

The arbitrator correctly identified the law regarding what an employee must show to succeed on an FMLA retaliation claim, *i.e.* that the employee's assertion of her FMLA rights was a motivating factor in an adverse action taken against him. *See* Award at 27 (citing *Woods*, 864 F.3d at 168-69; *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004)). And the arbitrator then concluded that Mr. Ngo's decision to take FMLA leave was not a motivating factor in Mr. Lowenthal's decisions to demote him or to pay him a lower discretionary bonus in 2014. *See* Award at 27-29. This was a factual finding about Mr. Lowenthal's motivation. Because it is not clearly erroneous, the Court will not disturb it here.

The arbitrator also correctly cited legal authority for the proposition that FMLA leave is a permissible consideration in the calculation of a performance-based bonus. Award at 24 (citing *Clemens v. Moody's Analytics, Inc.*, 17-CV-410 (PAC), 2018 WL 1750586, at *21-22 (S.D.N.Y. Apr. 9, 2018), *vacated on other grounds*, 770 F. App'x 10 (2d Cir. 2019); *see also Sommer v. Vanguard Grp.*, 461 F.3d 397, 401 (3d Cir. 2006) ("[An] employer may prorate any production bonuses to be paid to an FMLA leave taker by the amount of any lost production (be it hours or another quantifiable measure of productivity) caused by the FMLA leave.")). This supports the conclusion that the arbitrator did not manifestly disregard the law.

The arbitrator did not substitute a "punitive intent" standard for the governing "motivating factor" standard. As support for his argument that arbitrator applied a "punitive intent" standard, Mr. Ngo cites the arbitrator's statement that Mr. Lowenthal lacked "an impermissible intent to punish [Mr. Ngo] for the proper assertion of his FMLA rights" and that "[h]ad [Mr. Lowenthal's] demotion decision been predicated on unhappiness that Mr. Ngo was seeking FMLA status," the decision to demote him might have been retaliatory. Award at 28, 29. However, these conclusions

were the result of the arbitrator's application of the "motivating factor" standard. If Mr. Lowenthal had harbored an impermissible intent to retaliate against Mr. Ngo for his decision to take FMLA leave, Mr. Ngo's decision to take FMLA leave would have been a motivating factor in Mr. Lowenthal's decision. Likewise, if Mr. Lowenthal's decision had been predicated on unhappiness that Mr. Ngo took FMLA leave, Mr. Ngo's decision to take FMLA leave may have been a motivating factor in Mr. Lowenthal's decision. Hence, the arbitrator's statements that Mr. Ngo cites demonstrate an application of the governing legal standard, not a manifest disregard for the law. Although Mr. Ngo may disagree with the arbitrator's conclusion as a result of the application of that standard, that is not a sufficient ground for the Court to overturn the arbitration award.

## IV. CONCLUSION

For the foregoing reasons, Mr. Ngo's petition to vacate the arbitration award is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt No. 41 and to close this case.

SO ORDERED.

Dated: March 13, 2020
New York, New York

GREGORY H. WOODS
United States District Judge